O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OTIS FITZGERALD ERVIN, | ) | Case No. CV 13-4232-JVS (KK) |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER RE SUMMARY DENIAL OF PETITIONER'S MOTIONS TO ALTER OR AMEND THE COURT'S ORDER |
| J. SOTO, Warden, | ) ) | |
| Respondent. | ) ) | |

On March 18, 2015, Petitioner Otis Fitzgerald Ervin ("Petitioner"), proceeding pro se, filed ten Motions to Alter or Amend the Court's Order ("Motions"), pursuant to Federal Rule of Civil Procedure 59(e). The Motions appear to seek an amendment of the Court's February 19, 2015 Judgment denying Petitioner's Amended Petition for a Writ of Habeas Corpus ("Amended Petition"). For the reasons set forth below, the Court summarily denies the Motions.

///
///
///
///
///
///

# I.

# **PROCEDURAL SUMMARY**

On June 12, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this Court ("Petition"), raising nine grounds challenging his June 2010 conviction in Los Angeles County Superior Court for attempting to dissuade a witness, in violation of California Penal Code section 136.1(a)(2). (ECF Docket No. ("dkt.") 1). On February 4, 2014, Respondent filed an Answer to the Petition ("Answer"), with an accompanying Memorandum of Points and Authorities. (Dkt. 23). On April 16, 2014, Petitioner filed a Traverse to Respondent's Answer. (Dkt. 29).

On May 2, 2014, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), supplementing the original nine claims in the original Petition with a tenth claim. (Dkt. 31). On July 1, 2014, Respondent filed a Supplemental Answer to the Amended Petition and an accompanying Memorandum of Points and Authorities, responding to the newly-added tenth claim. (Dkt. 38). On August 20, 2014, Petitioner filed a Supplemental Traverse to Respondent's Supplemental Answer. (Dkt. 49).

Concurrently, on August 6, 2014, Petitioner filed a Motion for Summary Judgment and a supporting Request for Judicial Notice, arguing Respondent failed to file an Opposition to a separate summary judgment motion he had allegedly presented to prison officials for mailing on May 20, 2014. (Dkt. 46, 47). On August 14, 2014, the assigned U.S. Magistrate Judge ("Magistrate Judge") denied Petitioner's Motion for Summary Judgment, stating the Court did not receive the alleged May 20, 2014 summary judgment motion, and hence, the motion was "not properly before [the] Court." (Dkt. 48).

On August 28, 2014, the Court received another Motion for Summary Judgment from Petitioner, contending there were no genuine disputes of material

fact at issue. (Dkt. 52). On September 9, 2014, the Magistrate Judge ordered the Motion not to be filed, but instead rejected because the matter stood submitted. (Id.). On September 23, 2014, Petitioner filed Objections to the Magistrate Judge's rejection of the Motion. (Dkt. 53).

On January 5, 2015, the Magistrate Judge issued a Report and Recommendation that all of Petitioner's claims be denied as meritless. (Dkt. 56). On February 4, 2015, Petitioner filed Objections to the Report and Recommendation, including a new argument in support of his tenth claim. (Dkt. 58). On February 10, 2015, the Magistrate Judge issued a Final Report and Recommendation, specifically addressing Petitioner's new argument in regard to Claim Ten. (Dkt. 60). On February 19, 2015, the Court issued an Order accepting the Final Report and Recommendation and entered Judgment denying the Amended Petition. (Dkt. 61, 62).

On March 18, 2015, Petitioner filed the ten instant Motions, each designated in consecutive numerical order. (Dkt. 64, 64-1, 64-2, 64-3, 64-4, 64-5, 64-6, 64-7, 64-8, 64-9). In the Motions, Petitioner appears to seek an amendment of the Court's February 19, 2015 Judgment.

## II.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits parties to file a "motion to alter or amend a judgment," no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) does not list "specific grounds for a motion to amend or alter" and thus, "the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously

unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (internal citation omitted). "[O]ther, highly unusual circumstances," also may "warrant[ ] reconsideration." Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"[A]mending a judgment after its entry remains an extraordinary remedy[.]" Herron, 634 F.3d at 1111 (internal quotation marks and citation omitted). The Ninth Circuit thus has repeatedly cautioned that such a remedy "should be used sparingly." Id. (internal quotation marks and citation omitted). Amendment of judgment is used sparingly to serve the dual "interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Hence, "a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc., 282 F.R.D. 216, 220 (D. Ariz. 2012) (citation and internal quotation marks omitted).

## III.
## DISCUSSION

In each of the ten instant Motions, Petitioner asserts a separate argument as to why the Court's February 19, 2015 Judgment should be altered or amended, pursuant to Rule 59(e). The Court rejects each of these arguments in turn.

**A.     Petitioner's First Rule 59(e) Motion**

In his first Motion, Petitioner argues the Magistrate Judge exceeded her statutory authority under 28 U.S.C. § 636, when denying his August 6, 2014 Motion for Summary Judgment and when rejecting his August 28, 2014 Motion for Summary Judgment. See Dkt. 64 at 4-5. Even assuming the Magistrate Judge exceeded her authority, this would not entitle Petitioner to an amendment or

alteration of the Court's Judgment.  Under Herron, a Rule 59(e) motion may be granted because of "manifest errors of law or fact *upon which the judgment rests*." 634 F.3d at 1111 (emphasis added).  Here, the Judgment was based on both parties' submissions to the Court regarding the merit of Petitioner's claims to habeas relief.  Any error in disposing of Petitioner's Motions for Summary Judgment was entirely collateral to the Judgment and is not a basis for alteration or amendment of the Judgment.[1]  See id.; see also White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982) (noting a Rule 59(e) motion cannot challenge "legal issues collateral to the main cause of action").  Accordingly, Petitioner's first Motion must be denied.

**B.     Petitioner's Second Rule 59(e) Motion**

In his second Motion, Petitioner claims the Court failed to "make a de novo determination of Petitioner's [September 23, 2014] Objections to the Magistrate's [September 9, 2014] order" rejecting Petitioner's August 28, 2014 Motion for Summary Judgment.  See Dkt. 64-1 at 3.  However, as with Petitioner's first Motion, any alleged error in regard to the Court's review of the Objections is entirely collateral to the Judgment, which was based on the merits of the Amended Petition.  Petitioner's second Motion thus fails to show Petitioner is entitled to amendment or alteration of the Judgment.  See Herron, 634 F.3d at 1111.  Accordingly, Petitioner's second Motion must be denied.

---

[1] The Court also notes it conducted *de novo* review of the Magistrate Judge's original and Final Report and Recommendation as to the merits of the Amended Petition's claims, as well as Petitioner's objections to the original Report and Recommendation. Hence, any error in disposing of Petitioner's Motions for Summary Judgment was cured by the Court's *de novo* review of the Report and Recommendation and issuance of its own Judgment.  See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993) ("The magistrate's error, however, was cured by the district court's later de novo review of the magistrate's findings and conclusions, and the court's entry of its own order . . . .").

C.  **Petitioner's Third and Fourth Rule 59(e) Motions**

In his third Motion, Petitioner alleges the Court failed to "determine de novo parts of the Magistrate Judge's disposition that [were] properly objected to." See Dkt. 64-2 at 2. In his fourth Motion, Petitioner similarly alleges the Court "failed to make a de novo determination in regard to the [Magistrate Judge's] mischaracterization of his claims." See Dkt. 64-3 at 2. Such bare allegations do not support an amendment or alteration of the Court's Judgment under Herron, 634 F.3d at 1111. Accordingly, Petitioner's third and fourth Motions must be denied.

D.  **Petitioner's Fifth Rule 59(e) Motion**

In his fifth Motion, Petitioner contends the Court "failed in [its] duty to apply the constitutional requirement that every element of the crime be proven beyond a reasonable doubt." See Dkt. 64-4 at 2. In other words, Petitioner reiterates his argument from his Amended Petition that there was insufficient evidence supporting the conviction challenged in the Amended Petition. Id. However, Petitioner's fifth Motion fails to identify a manifest error of fact or law justifying amendment or alteration of the Judgment. See Herron, 634 F.3d at 1111. Accordingly, Petitioner's fifth Motion must be denied.

E.  **Petitioner's Sixth Rule 59(e) Motion**

In his sixth Motion, Petitioner contends the Magistrate Judge's Report and Recommendation applied the wrong legal standard when assessing his prosecutorial misconduct claim (*i.e.* Claim Six of the Amended Petition). See Dkt. 64-5. Petitioner claims the Report and Recommendation should have analyzed his prosecutorial misconduct under the due process standard articulated in Darden v. Wainwright, 477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). Id. However, as the Report and Recommendation explains, the alleged prosecutorial misconduct simply consisted of the prosecutor commenting on matters *correctly* received into evidence. Final Report at 18-19. Consequently, Petitioner's

prosecutorial misconduct claim is baseless under Ninth Circuit precedent. See United States v. Hinton, 31 F.3d 817, 824 (9th Cir. 1994) (rejecting claim alleging prosecutor engaged in misconduct in detailing prior bad acts, after concluding evidence of the prior bad acts was properly admitted and not disproportionately prejudicial). Hence, Petitioner's sixth Motion fails to identify a manifest error of fact or law justifying amendment or alteration of the Judgment. See Herron, 634 F.3d at 1111. Accordingly, Petitioner's sixth Motion must be denied.

**F.      Petitioner's Seventh and Tenth Rule 59(e) Motions**

In his seventh Motion, Petitioner alleges the Magistrate Judge's Report and Recommendation failed to apply the correct legal standard when assessing Claim Ten of the Amended Petition, namely, whether his sentence was based on findings by the trial court, instead of findings by the jury. See Dkt. 64-6. In his tenth Motion, Petitioner challenges the Magistrate Judge's disposition of Claim Ten of the Amended Petition by claiming the Report and Recommendation did not address a "concession" by the Los Angeles County Superior Court in a July 25, 2013 order denying Petitioner's state petition for a writ of habeas corpus. See Dkt. 64-9. In this order, the Superior Court noted that Petitioner had been sentenced based on findings made by the trial court rather than by a jury—that is based on the trial court's findings that he had a prior conviction at the time of sentencing. Id., Ex. A at 1.

Petitioner's seventh and tenth Motions are both meritless. First, Petitioner's seventh Motion does not articulate how the Magistrate Judge failed to apply the correct legal standard when assessing Claim Ten. Rather, Petitioner merely re-asserts arguments already considered by the Court when issuing its Judgment. Petitioner's seventh Motion must thus be denied. See Apollo Grp., Inc., 282 F.R.D. at 220 (noting that "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden" under Rule 59(e)). Second, in regard to Petitioner's tenth Motion, the

Magistrate Judge *did* address the Los Angeles County Superior Court's order in her February 10, 2015 Final Report and Recommendation. In the Final Report, the Magistrate Judge took note of the Superior Court's order. Final Report at 27 n.7. Nonetheless, the Magistrate Judge found Claim Ten meritless because: (1) Petitioner *consented* to a bench trial by the trial court as to the prior conviction; and (2) the fact of a prior conviction need not be found by a jury, under Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Id. Petitioner has not shown the Magistrate Judge's reasoning was erroneous. Consequently, Petitioner's tenth Motion also fails to show a manifest error of fact or law justifying amendment or alteration of the Judgment. See Herron, 634 F.3d at 1111. Accordingly, Petitioner's seventh and tenth Motions must be denied.

**G.     Petitioner's Eighth Rule 59(e) Motion**

In his eighth Motion, Petitioner appears to claim the Magistrate Judge's Report and Recommendation mischaracterized Claim One of the Amended Petition as a challenge to the sufficiency of the evidence supporting his conviction. See Dkt. 64-7. Petitioner asserts Claim One did not challenge the sufficiency of the evidence underlying his conviction. Id. at 3-4. Instead, Petitioner argues Claim One challenged the prosecutor's alleged failure to prove the elements of the crime of conviction beyond a reasonable doubt. Id. However, on habeas review, claims challenging the strength of the evidence supporting a conviction necessarily constitute a challenge to the sufficiency of the evidence presented (to be analyzed under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The Magistrate Judge's characterization of Claim One was thus proper. Consequently, Petitioner's eighth Motion fails to show a manifest error of fact or law justifying amendment or alteration of the Judgment. See Herron, 634 F.3d at 1111. Accordingly, Petitioner's eighth Motion must be denied.

**H.     Petitioner's Ninth Rule 59(e) Motion**

In his ninth Motion, Petitioner alleges the Magistrate Judge's Report and Recommendation erroneously concluded Claim Eight of the Amended Petition raised incognizable matters of state law.[2] See Dkt. 64-8. Petitioner also claims Respondent never argued in its Answer that Claim Eight raised matters of state law. Id. at 2-3. However, Petitioner presents no arguments showing the Magistrate Judge's Report and Recommendation was erroneous or that Claim Eight did not turn on a matter of state law. Consequently, Petitioner's ninth Motion fails to show a manifest error of fact or law justifying amendment or alteration of the Judgment. See Herron, 634 F.3d at 1111. Accordingly, Petitioner's ninth Motion must be denied.

IT THEREFORE IS ORDERED that Petitioner's ten Motions be summarily denied, pursuant to Federal Rule of Civil Procedure 59(e).

DATED: April 7, 2015

HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

Kenly Kiya Kato
United States Magistrate Judge

---

[2] In Claim Eight, Petitioner challenged the imposition of a two-year sentencing enhancement, pursuant to California Penal Code section 12022.1. Am. Pet. at 14. Petitioner claimed the enhancement was improperly imposed because the trial court never made an explicit finding determining the allegations underlying the enhancement to be true. Id. The Magistrate Judge found the claim to turn on a matter of state law—namely, whether a sentencing enhancement may be imposed by a California trial court without such an explicit finding. Final Report at 25.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10